UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUSTIN EDWARDS, *Individually and on Behalf of S.E., a Minor*, and JESSICA EDWARDS, *Individually and on Behalf of S.E., a Minor*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0857-B |
| JOHN MATHEWS, BRENDA MATHEWS, and SHADRACK INVESTMENTS, LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Austin Edwards ("Mr. Edwards") and Jessica Edwards ("Mrs. Edwards") (collectively, "the Edwards")'s Motion to Remand (Doc. 13) and Defendants John Mathews and Brenda Mathews (collectively, "the Mathews")'s Response and Alternative Motion to Conduct Jurisdictional Discovery (Doc. 17). The Mathews have not carried their burden of showing complete diversity exists between the parties. But they have shown subject matter jurisdiction turns on a disputed fact. For these reasons, the Court **GRANTS** the Motion to Conduct Jurisdictional Discovery (Doc. 17) and **DENIES WITHOUT PREJUDICE** the Motion to Remand (Doc. 13).

### I.

### BACKGROUND

This case stems from a tragic accident involving S.E., the Edwards' minor son. At the time of the accident, the Edwards were leasing a house in Joshua, Texas from the Mathews. Doc. 1-5, Pet.,

¶ 12. Shortly after the Edwards moved in, S.E., who was six at the time, was watching his father load their vehicle from a second-floor window. *Id.* ¶¶ 12, 16. S.E. leaned against the window, and it gave way. *Id.* ¶ 16. He fell from the second floor onto the home's cement driveway and suffered life-altering injuries. *Id.* ¶¶ 16–18. The Edwards later discovered the window had been previously damaged and allege Defendants[1] failed to adequately repair or replace the window. *Id.* ¶ 14.

The Edwards sued Defendants in Johnson County, Texas state court for negligence, gross negligence, and fraudulent transfer. Doc. 1-5, Pet. In their Petition, the Edwards alleged their address is 1967 Tea Olive Lane, Apt. 101, Coeur d'Alene, Idaho. *Id.* ¶¶ 2–3. The Mathews removed to this Court[2] on April 22, 2023, using "snap removal."[3] Doc. 1, Notice Removal. In their Notice of Removal, they claimed the Court has diversity jurisdiction over this case. *Id.* ¶ 7. Regarding the Edwards' citizenship, the Mathews asserted, "Upon information and belief, [the Edwards] are [sic] at the time this lawsuit was filed citizens of the state of Idaho" and cited the Idaho address in the Edwards' Petition. *Id.* ¶ 8. The Mathews claimed both they and Defendant Shadrack Investments, LLC were Texas citizens. *Id.* ¶ 9.

On May 4, 2023, the Court found "the Mathews ha[d] not established the citizenship of any of the parties" and ordered the Mathews to show cause why the "case should not be dismissed for lack of subject-matter jurisdiction." Doc. 5, Order Show Cause, 2–4. In their Show Cause Response, the Mathews explained that the Edwards had provided them with a forwarding address in Idaho and

---

[1] Defendants in this case are the Mathews and their business entity, Shadrack Investments, LLC. Doc. 1-5, Pet., ¶¶ 4–6, 20.

[2] The Case was originally assigned to the Honorable A. Joe Fish.

[3] As the Fifth Circuit has explained, "snap removal" is "[t]he jargon for removal prior to service on all defendants." *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020).

the Edwards' family indicated on social media that they were moving to Idaho. Doc. 7, Show Cause Resp., ¶ 2. This evidence, the Mathews claimed, showed the Edwards were Idaho domiciliaries and therefore Idaho citizens. *See id.*

The Edwards moved to remand. Doc. 13, Mot. Remand. They claim Mr. Edwards was at all relevant times a Texas domiciliary. *Id.* ¶ 21. Thus, they argue, there is not complete diversity in this case. *Id.* As evidence, the Edwards submitted a declaration from Mr. Edwards. Doc. 13-2, Edwards Decl. In their Response, the Mathews ask the Court to deny the Motion, citing the forwarding address and social media posts as evidence of Mr. Edwards' Idaho domicile. Doc. 17, Mot. Resp., 8–9. In the alternative, they move the Court to allow them to conduct jurisdictional discovery. *Id.* at 9. The Court considers these motions below.

## II.

## LEGAL STANDARDS

A.    *Motion to Remand*

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted). Because the burden falls on a defendant to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). This diversity "must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

"For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotations omitted). But "mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Instead, to show domicile, a party must demonstrate "two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). Once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* at 797–98. Examples of such evidence "include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251.

B.    *Jurisdictional Discovery*

Jurisdictional matters are decided by the court. *Id.* at 249. "In making a jurisdictional assessment, a federal court is not limited to the pleadings." *Id.* It may look to any evidence already in the record. *Id.* And it "may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties. The court has wide, but not unfettered, discretion

to determine what evidence to use in making its determination of jurisdiction." *Id.* (internal citations omitted).

"Where a party seeks jurisdictional discovery, the district court has discretion as to the type and amount of discovery to permit." *Pace v. Cirrus Design Corp.*, 2022 WL 16848430, at *4 (S.D. Miss. Oct. 24, 2022); *accord Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). On a motion to remand, the defendant, as the party opposing remand and requesting discovery, bears the burden of demonstrating the necessity of discovery. *See Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013).

"[J]urisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012). However, a party is not entitled to jurisdictional discovery if the record shows the requested discovery is not likely to produce the facts needed to withstand a motion to remand. *See Monkton*, 768 F.3d at 434 (internal quotations omitted) (explaining in the context of a Rule 12(b)(1) motion, "A plaintiff is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion"); *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006) (Lindsay, J.) (finding jurisdictional discovery inappropriate "when the party requesting such discovery can only suggest or speculate that the requested discovery will shed light on or resolve the issues pertaining to diversity of citizenship").

## III.

## ANALYSIS

For the Motion to Remand, the sole question is whether Mr. Edwards was a Texas domiciliary, both when the case was filed in state court and when it was removed to federal court. It is the Mathews' burden to prove he was not. Although they do not meet this burden, the Court finds they have shown limited jurisdictional discovery is necessary to resolve a factual dispute.

As mentioned above, diversity jurisdiction requires "all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353. Defendants are Texas domiciliaries and therefore Texas citizens. Doc. 1, Notice Removal, ¶ 9. The Mathews assert Mr. Edwards is an Idaho domiciliary. *Id.* ¶ 8; Doc. 7, Show Cause Resp., ¶ 2. The Edwards claim he is a Texas domiciliary. Doc. 13, Mot. Remand, ¶ 21.

The parties apparently do not dispute that from the time of the accident until the end of March 2023, Mr. Edwards' state of domicile was Texas. *See id.*; Doc. 7, Show Cause Resp., ¶ 2. Texas presumptively continues to be his state of domicile absent sufficient evidence of change. *See Preston*, 485 F.3d at 797–98. The Mathews present two pieces of evidence, which they claim demonstrate Mr. Edwards' residence and intent to remain in Idaho. First, the Edwards sent the Mathews a letter stating, "our new address [is] 1967 Tea Olive Lane, Apt 101, Coeur d'Alene, ID 83815." *See* Doc. 17, Mot. Resp., 2; Doc. 17-1, Mot. Resp. Ex. A. Second, the Mathews attach social media posts apparently made by Deshell Edwards, who, according to the Mathews, is Mr. Edwards' mother. *See* Doc. 17, Mot. Resp., 2; Doc. 17-1, Mot. Resp. Ex. B. In the post, Deshell Edwards states, "I will spend the rest of my days in the beautiful mountains of Idaho! . . . And yes, all of my babies are

moving to Idaho as well." *Id.* She adds, "My kids are . . . able to make the move. We waited until everyone was able to go." *See* Doc. 17, Mot. Resp., 3; Doc. 17-1, Mot. Resp. Ex. B.

The Mathews also "note that nowhere in [the Edwards'] Motion do they allege that Mrs. Edwards returned to Texas from Idaho herself." *See* Doc. 17, Mot. Resp., 6. They continue, "It strains credulity to claim that Mr. Edwards remained a citizen of Texas, while the rest of his family, including the minor child, S.E., . . . moved on to become citizens of Idaho, a state on the other side of the country from Texas." *Id.* On this basis, they argue, the Court may properly conclude Mr. Edwards resided in Idaho and intended to remain there at the time of filing and removal. *Id.* at 4.

The Court disagrees. As mentioned above, it is the Mathews' burden to prove that subject matter jurisdiction exists. *See Settlement Funding*, 851 F.3d at 537. And though some circumstantial evidence suggests Mr. Edwards became an Idaho domiciliary, Mr. Edwards has produced some evidence suggesting he remains a Texas domiciliary. According to the Edwards, Mr. Edwards "has, at all times, maintained his residency in Joshua, Johnson County, Texas, where he has also incorporated and operates his business, and which is reflected on his recently renewed Texas Driver's License." Doc. 13, Mot. Remand, ¶ 21. And the Edwards have submitted a declaration from Mr.

Edwards to that effect. Doc. 13-2, Edwards Decl.[4] On this record, the Court cannot conclude that the Mathews have shown complete diversity by a preponderance of the evidence.

However, the Mathews have shown that "the issue of subject matter jurisdiction turns on a disputed fact." *See In re MPF Holdings*, 701 F.3d at 457. Although Mr. Edwards declares he is a Texas domiciliary, this declaration is not dispositive. *See Coury*, 85 F.3d at 251 ("A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."). And the Mathews have identified specific facts that raise the jurisdictional inquiry beyond mere speculation. Specifically, they note that Mr. Edwards informed them that his address was in Idaho. And while the Court does not give the purported Facebook posts much weight, it notes that the Edwards did not deny, in a reply or otherwise, that the posts were made by Mr. Edwards' mother. Finally, the Court observes that Mr. Edwards apparently asserts his domicile is different than that of his family. Because Mr. Edwards' domicile at the time of filing and removal is disputed, the Court **GRANTS** the Motion to Conduct Jurisdictional Discovery.

However, the Court finds it appropriate to limit jurisdictional discovery "[t]o avoid placing undue burdens on the parties in a case in which the Court may not have subject matter jurisdiction." *See Daniels v. Bull Rogers, Inc.*, 2018 WL 7297874, at *4 (W.D. Tex. Feb. 5, 2018). To that end, the

---

[4] The Mathews argue, "[Mr. Edwards' declaration] was prepared on May 17, 2023 after Defendants' [sic] filed their Notice of Removal on April 22, 2023, and it does not constitute a fact existing at the time of removal. It should therefore be disregarded as irrelevant . . . ." Doc. 17, Mot. Resp., 5–6 (internal citation omitted). The Court disagrees. True, removal jurisdiction is determined on the basis of the state court complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). However, courts may consider information submitted after removal if it clarifies the jurisdictional facts as they existed at the time of removal. *Id.* Here, the declaration clarifies a jurisdictional fact—Mr. Edwards' domicile—as it existed on April 22, 2023, the date of removal. Thus, the Court may properly consider the declaration.

Court "confines discovery to interrogatories and requests for production limited solely to facts bearing on the citizenship of the named parties to this suit." *See id.* This jurisdictional discovery must be completed by **August 10, 2023**. If, after concluding jurisdictional discovery, the Edwards again wish to move to remand, they must do so by **August 17, 2023**.

## IV.

## CONCLUSION

For these reasons, the Edwards' Motion to Remand (Doc. 13) is **DENIED WITHOUT PREJUDICE**, and the Mathews' Motion for Jurisdictional Discovery (Doc. 17) is **GRANTED**. If, after completing jurisdictional discovery, the Edwards again wish to move to remand, they must do so by **August 17, 2023**.

SO ORDERED.

SIGNED: July 10, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE