UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUSTIN EDWARDS, *Individually and on Behalf of S.E., a Minor*, and JESSICA EDWARDS, *Individually and on Behalf of S.E., a Minor*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN MATHEWS, BRENDA MATHEWS, and SHADRACK INVESTMENTS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 3:23-CV-0857-B |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Austin Edwards and Jessica Edwards (collectively, "the Edwards")'s Second Motion to Remand (Doc. 19). The Court concludes it does not possess subject matter jurisdiction over this case. Therefore, the Court **GRANTS** the Second Motion to Remand (Doc. 19).

### I.
### BACKGROUND

This case stems from a tragic accident involving S.E., the Edwards' minor son. At the time of the accident, the Edwards were leasing a house in Joshua, Texas from Defendants John and Brenda Mathews (collectively, "the Mathews"), when S.E. fell from the second floor onto the home's cement driveway and suffered life-altering injuries. Doc. 1-5, Pet., ¶¶ 12, 16–18. The Edwards later discovered the window had been previously damaged and allege Defendants John

Mathews, Brenda Mathews, and their business entity, Shadrack Investments, LLC (collectively, the "Defendants") failed to adequately repair or replace the window. *Id.* ¶¶ 4–6, 14.

On April 19, 2023, the Edwards sued Defendants in state court in Johnson County, Texas. Doc. 1-5, Pet. In their state court Petition, the Edwards indicated that they resided in Idaho. *Id.* ¶¶ 2–3. As a result, Defendants—all of whom are citizens of Texas—removed this case on April 22, 2023. Doc. 1, Notice Removal. In their Notice of Removal, Defendants asserted the Court had diversity jurisdiction over this case. *Id.* ¶¶ 7–9.

The Edwards provided an Idaho forwarding address when they moved out of the Mathews' rental home. Doc 43-1, Defs.' Ex. List, Ex. 2 at 4. Additionally, Austin Edwards's mother, Deshell Edwards, posted on social media that she was moving to Idaho and that "all of [her] babies are moving to Idaho as well." *Id.* at Ex. 3 at 8–10. Deshell Edwards also said "[m]y kids are at a place financially where they were able to make the move. We waited until *everyone* was able to go." *Id.* at 10 (emphasis in original). Similarly, Jessica Edwards's June 2023 social media posts suggest that their family was living in Idaho. *Id.* at Ex. 10.

The Court previously denied the Edwards' first Motion to Remand and granted the Mathews' Motion to Conduct Jurisdictional Discovery (Doc. 17). The jurisdictional discovery revealed that the Edwards had paid utility bills for their Idaho address. Doc 43-1, Defs.' Ex. List, Ex. 7. After completing jurisdictional discovery, the Edwards filed a Second Motion to Remand (Doc. 19). The Court scheduled an evidentiary hearing for October 19, 2023, which was reset because Austin Edwards failed to appear. Doc. 23, Order. The Court then scheduled a second evidentiary hearing for November 16, 2023. Doc. 41, Order. At the second hearing, Austin

Edwards testified that his family did not move to Idaho until around April 23, 2023. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted). Because the burden falls on a defendant to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Federal district courts possess original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted). This diversity "must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

"For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313

(5th Cir. 2019) (quotations omitted). But "mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Instead, to show domicile, a party must demonstrate "two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). Once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* at 797–98. Examples of such evidence "include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251.

## III.

## ANALYSIS

As with the Edwards' first Motion to Remand, the only issue here is whether Austin Edwards was domiciled in Texas or Idaho when the state court petition was filed and when Defendants removed the case to federal court. The Court concludes that the Defendants fail to meet their burden of showing that Austin Edwards changed his domicile to Idaho before the petition was filed in state court.

Because diversity jurisdiction requires complete diversity across party lines, the Court must first determine the citizenship of each of the defendants. The parties do not dispute that the Mathews were always domiciled in Texas. They "own property, pay taxes, and live in Burleson, Johnson County, Texas." Doc. 7, Resp., ¶ 3. Shadrack Investments is also a citizen of Texas because it is a limited liability company whose only two members are John and Brenda Mathews. *Id.* ¶ 4; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a

LLC is determined by the citizenship of all of its members."). Accordingly, every defendant is a citizen of Texas.

To avoid remand, Defendants must demonstrate that no plaintiff was a resident of Texas at the time the state court case was filed and at the time of removal. *See McLaughlin*, 376 F.3d at 353. Here, the case was filed in state court on April 19, 2023, and Defendants removed the case to federal court on April 22, 2023. Doc. 1-5, Pet.; Doc. 1, Notice Removal. Austin Edwards was undisputedly domiciled in Texas before his family moved to Idaho. He lived in Joshua, Texas, he operated his business in Texas, and he obtained a Texas license to sell life insurance before the lawsuit was filed. Doc. 44-1, Pl.'s Ex. List, Ex. 4, Ex. 8. So, Defendants must show that Austin Edwards's domicile changed from Texas to Idaho before April 19, 2023, for the Court to possess subject matter jurisdiction over this case. The Court concludes that they have failed to do so.

"A person's . . . domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston*, 485 F.3d at 797—98. An individual's domicile only changes with: (1) a physical presence in a new state and (2) the intention to remain in the new state. *Coury*, 85 F.3d at 250. At the second evidentiary hearing, Austin Edwards testified that his family did not move to Idaho until late April. He could not recall the exact date, but he said they arrived in Idaho around April 23, 2023. So, according to his testimony, he was not physically present in Idaho when the state court petition was filed.

The Defendants, on the other hand, have not provided sufficient contrary evidence to establish that Austin Edwards was physically present in Idaho before April 19. The only evidence suggesting that Austin Edwards was domiciled in Idaho on April 19, 2023, is the following: (1) his family's Idaho apartment lease began on April 4, 2023; (2) he provided an Idaho forwarding address

when moving out of the Mathews' rental home; and (3) the original state court petition indicated that he resided in Idaho. *See* Doc. 1-5, Pet., ¶¶ 2–3; *see* Doc 43-1, Defs.' Ex. List, Ex. 2 at 4, Ex. 6. Neither the letter nor the apartment lease proves that Austin Edwards was physically present in Idaho on April 19—at most, they suggest that he would be physically present in Idaho at some point. Additionally, Austin Edwards asserts that the state court petition indicated he resided in Idaho because of a "scrivener's error" and that he has never lived in Idaho. Doc. 19, Mot., 2.

Defendants offer evidence suggesting Austin Edwards is now domiciled in Idaho—his family currently lives there; some of his family members posted on social media that they were living in Idaho; and his family paid utility bills in Idaho after the lawsuit was initially filed. Doc 43-1, Defs.' Ex. List, Ex. 3 at 8–10, Ex. 7, Ex. 10. This evidence, however, only speaks to where Austin Edwards is currently domiciled—it does not address the ultimate inquiry of where he was domiciled on April 19, 2023.

Ultimately, the Court finds that there is doubt as to where Austin Edwards was domiciled on April 19, and "any doubt about the propriety of removal must be resolved in favor of remand." *See Gasch*, 491 F.3d at 281–82. Because Defendants did not prove that Austin Edwards was physically present in Idaho on April 19, Defendants have failed to establish he was no longer domiciled in Texas. With Texas parties on both sides, this lawsuit does not have complete diversity, and the Court does not have subject matter jurisdiction over this dispute. Accordingly, the Court grants the Edwards' Second Motion to Remand.

## IV.

## CONCLUSION

For the reasons discussed above, the Court concludes it does not have subject matter jurisdiction over this case. Therefore, the Court **GRANTS** the Edwards' Second Motion to Remand (Doc. 19) and **REMANDS** this case to the 249th Judicial District Court of Johnson County, Texas.

**SO ORDERED**.

**SIGNED: December 13, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE